IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**BARBARA HILL**                                                                             **PLAINTIFF**

**V.**                      **CASE NO. 3:17-cv-32-DPM-BD**

**POINSETT COUNTY SHERIFF**
**DEPARTMENT, et al.**                                                      **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**      **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. Any party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive any right to appeal questions of fact.

**II.**      **Background**

Plaintiff Barbara Hill, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. She claims that Defendant Kimble used excessive force against her and that Defendant Cox was deliberately indifferent to her medical needs, all while she was held at the Poinsett County Detention Center ("Detention Center"). (Docket entries #2, #5)

Defendant Cox has filed a motion for summary judgment contending that the undisputed facts demonstrate that she was not deliberately indifferent to Ms. Hill's medical needs. (#35) Defendant Kimble has also filed a motion for summary judgment. He contends that undisputed facts demonstrate that he did not use reasonable force in arresting Ms. Hill. (#40) Ms. Hill did not respond to either motion, and the time for doing so has passed. The motions are ripe for review.

### III. Standard

Summary judgment means that the court rules in favor of a party without the need for a trial. A party is entitled to summary judgment if the evidence, viewed in the light most favorable to the party on the other side of the lawsuit, shows that there is no genuine dispute as to any fact that is important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322B23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

Here, the Defendants' motions are supported by admissible evidence that, if undisputed, shows there are no genuinely disputed facts important enough to make a difference in how the case is decided. To avoid summary judgment, Ms. Hill was obligated to come forward with evidence to show that important facts remain in dispute.

### IV. Undisputed Facts

Ms. Hill has not submitted any evidence to contradict the sworn statement Defendant Kimble submitted in support of his motion for summary judgment. In his

2

statement, Defendant Kimble stated the following facts: On Tuesday, January 24, 2017, Ms. Hill called the Harrisburg Police Department to report that her boyfriend, Ronnie Raby, was attempting to commit suicide by stabbing himself. Defendant Kimble responded to the call. (#42-1) Upon arrival, Defendant Kimble found Ms. Hill sitting on the floor of her apartment doorway. (#42-1) He summoned Mr. Raby from another room and asked where the knife was. (#42-1) Mr. Raby denied having a knife or that he tried to hurt himself. He told Defendant Kimble that Ms. Hill was responsible for the bleeding wound in his upper abdomen. (#42-1)

Deputy Holmes (not a named Defendant) arrived to assist Defendant Kimble and attended to Mr. Raby's apparent stab wounds while Defendant Kimble tried to locate the knife. (#42-1) Ms. Hill directed Defendant Kimble to a knife drawer in the kitchen, where Defendant Kimble found a wet knife atop other knives. (#42-1)

Mr. Raby was air-lifted to a hospital to treat the stab wound that Defendant Kimble had observed. Deputy Holmes reported to Defendant Kimble that Mr. Raby had also suffered other injuries, including "several other lacerations to his arms and legs, had another smaller stab wound on the lower stomach below his stomach fat," and "what appeared to be a bite mark on the rear of his neck that was slightly bleeding, another bite mark on his left arm, and a fresh bloody bite mark to his testicals [sic]." (#42-1, p.2)

Ms. Hill denied stabbing Mr. Raby and also denied washing the knife and placing it in the knife drawer. She did admit that she and Mr. Raby had been embroiled in a

physical altercation. Ms. Hill had dried blood on her hands, which she attributed to cuts from Mr. Raby's fingernails during the fight. (#42-1) Ms. Hill also had a large blood stain on her pants, which she said was from the wound on her hand. (#42-1)

Defendant Kimble arrested Ms. Hill and put her in handcuffs. (#42-1) While Defendant Kimble was placing handcuffs, Ms. Hill was on the phone with a family member threatening to kill herself. (#42-1) Officer Talley (not a named Defendant) escorted Ms. Hill to the police car, and she was then transported to the Detention Facility. (#42-1) Ms. Hill was charged with first-degree domestic battery, tampering with evidence, and terroristic threatening. She was placed in protective custody for a mental evaluation. (#42-1)

In support of her motion for summary judgment, Defendant Cox submitted a medical classification report ("Medical Report") that Ms. Hill signed on January 24, 2017 at 6:37 p.m. when she was booked into the Detention Center (#37-1), a medical request form that Ms. Hill submitted on January 24, 2017 (#37-2), and a Detention Center medication sheet for Ms. Hill (#37-3). Because Ms. Hill has not submitted any evidence to contradict the evidence submitted by Defendant Cox, the Court assumes the following information to be true.

At intake after Ms. Hill arrived at the Detention Facility, Ms. Hill's "hands [were] bleeding from fight" and she "complain[ed] of pain." (#37-1) In a medical request form dated January 24, 2017, Ms. Hill complained of a headache and pain to her wrist and

4

finger. (#37-2) She noted a "screwed up wrist and finger and headache." (#37-2) In response to Ms. Hill's medical request, Defendant Cox ordered ibuprofen and advised Ms. Hill to keep her wrist and finger clean and dry. (#37-2) Ms. Hill was administered ibuprofen from January 25, 2017 until March 14, 2017. (#37-3)

**V.    Discussion**

    A.    Official Capacity Claims

To the extent Ms. Hill intended to sue Defendants in their official capacities, those claims should be summarily dismissed. Official-capacity claims are, in effect, claims against the city of Harrisburg. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Under settled law, local governments are not automatically liable for injuries inflicted by their employees or agents in lawsuits brought under § 1983. *Monell v. New York Dep't. of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). The City is liable only if Defendants violated Ms. Hill's rights while carrying out a City policy or custom. *Id.* Here, Ms. Hill has not alleged any unconstitutional policy or custom in the City of Harrisburg or Poinsett County that contributed to her injury.

    B.    Excessive Force Claims against Defendant Kimble

The application of handcuffs does not amount to excessive force unless it results in more than minor injuries. *Haning v. Lee*, 415 F.3d 822, (8th Cir. 2015) (citing *Crumley v. City of St. Paul*, 324 F.3d 1003, 1008 (8th Cir. 2003)). Allegations of pain as a result of being handcuffed, without some evidence of more permanent injury, are not sufficient to

support an excessive force claim. *Id.* (citing *Foster v. Metropolitan Airports Commission*, 914 F.2d 1076 (8th Cir. 1990)).

Under the circumstances here, it was beyond reasonable for Defendant Kimble to arrest Ms. Hill and place her in handcuffs. Ms. Hill has offered no evidence to indicate that she suffered anything more than minor injuries as the result of being handcuffed by Defendant Kimble. Furthermore, there is no evidence to indicate that she complained to either Defendant Kimble or to Officer Talley that the handcuffs were too tight.

In her complaint and amended complaint, Ms. Hill alleges that the handcuffs had sprained and bruised her wrists. Likewise, upon her arrival at the Detention Center for booking, Ms. Hill complained of only minor injury to her wrists. (#37-1) She signed the Medical Report form that noted: "hands bleeding from fight complains of pain [sic]." (#37-1, p.1) Even if Ms. Hill's injury had been caused by the handcuffs, the injury was not serious enough to rise to the level of a constitutional violation, and Defendant Kimble is entitled to summary judgment on claims of excessive force.

    C.    Deliberate Indifference Claims against Defendant Cox

In order to show deliberate indifference to a serious medical need, Ms. Hill must allege facts showing that Defendant Cox knew of a serious medical need, yet deliberately failed to treat that need. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). The Eighth Circuit has explained that deliberate indifference "requires proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001). In other

words, "there must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998). Additionally, a nurse's negligence, or even gross negligence, in making treatment decisions will not support a claim of deliberate indifference. *Langford v. Norris*; 614 F.3d 445, 460 (8th Cir. 2010); *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). And, a detainee's disagreement with a medical provider's treatment decision does not rise to the level of a constitutional violation. *Id.*

In her amended complaint, Ms. Hill alleged that Defendant Cox "put the handcuff on tight it [sprained] my left wrist and [bruised] both of my wrist[s]." (#5) As noted, there is no evidence that Ms. Hill's wrist injury was a serious medical need. She also alleged that Defendant Cox refused to arrange for her to see a doctor for wrist pain and her finger, which "my boyfriend broke when we was fighting." (#5)

According to Ms. Hill's Medical Report completed at her booking on January 24, 2017, the only injury observed was bleeding on her hands from the fight. (#37-1) The medical request form that Ms. Hill filled out on January 24, 2017, shortly after her booking, described her medical problem as "screwed up wrist and finger and headache." (#37-2) The next day, Defendant Cox ordered ibuprofen and advised Ms. Hill to keep her wrist and finger clean and dry. (#37-2) There is no dispute that Ms. Hill was administered ibuprofen from January 25 until March 14. (#37-3)

Under these facts, Defendant Cox reasonably would have known that Ms. Hill's wrist and finger hurt, and that she had a headache. There was no obvious risk observed or noted in Ms. Hill's Medical Form. Defendant Cox chose to treat the reported pain with ibuprofen. The facts do not show that Defendant Cox knew of a serious medical need and deliberately disregarded it. At most, Defendant Cox's failure to notice and treat Ms. Hill's broken finger – if it was indeed broken – amounts to negligence. Defendant Cox is entitled to qualified immunity, and the claims against her should be dismissed.

## VI.   Conclusion

The Court recommends that Defendant Cox's motion for summary judgment (#35) be GRANTED, and that all claims against her be DISMISSED, with prejudice. Defendant Kimble's motion for summary judgment (#40) should also be GRANTED, and all claims against him should be DISMISSED, with prejudice.

DATED this 8th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE